## AARON R. BUDD

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

WATERS—*statute of limitations; when cause of action accrues for damages arising from the construction of a dam.* A cause of action for damages to land by flooding, arising from the construction of a dam accrues and is perfect at the completion of such dam, and claimant's petition must be filed within two years from that time or it is barred by the statute of limitations.

This cause was submitted at this term on the petition of claimant filed in the Auditor's office of the State of Illinois, April 28th, 1880, and his amendment thereto under date of October 31, A. D. 1882, the plea of the State of Illinois in defense of the said petition filed in said office by the Attorney General of said State of Illinois, and the evidence documentary and by depositions.

By his petition claimant, A. R. Budd, claims damages for injury to part of the south half of fractional section twenty-nine (29) in township eight (8) north, range eight (8) east of the 4th P. M., in the County of Peoria and State of Illinois, and described as follows: Beginning at the southwest corner of said half section and running thence north along its west line to the northwest corner thereof, thence east along the north line of said half section sixty-four rods, thence in a straight line in a southwesterly direction to the place of beginning, said to contain thirty-two acres.

Petitioner alleges his damages to have arisen in consequence of a raise in the water level of the Illinois river opposite his said land caused by the erection by authority of the State of Illinois of a lock or dam across the Illinois river at or near Copperas Creek in said State and

known as Copperas Creek Lock and Dam. The petition does not state when said lock and dam were erected or completed, nor does it give any specific date as to when petitioner's said damages arose, nor can it be ascertained from petitioner's testimony, except by inference, when his cause of action did arise. By his amended petition claimant alleges that his damages are continuing and permanent in their nature and that his claim therefor "was filed within two years from the time said claim may have arisen."

The defense of the State in its plea to said claim, among other things states that the facts stated as the basis of said claim are insufficient to entitle the claimant to the allowance sought and that said claim was neither proved up nor filed in the office of the Secretary of State previous to the first day of January, 1849, nor within two years from the time such claim may have arisen as required by the statute in that behalf; and that therefore said claim is barred by the statute of limitations.

From the documentary evidence before us we find that said lock and dam were completed on or about the twenty-first day of October, A. D. 1877. We further find as matter of law that petitioner's cause of action arose and was perfect at the completion of said dam and that therefore his said claim for damages was not filed with the Auditor of Public Accounts within two years from the time his said cause of action arose and that his said claim for damages is therefore barred by the statute of limitations applicable to claims against the State of Illinois. For more particular reasons for so holding reference is made to the case of William R. Fairbanks for use of First National Bank of Lacon v. The State, decided at this term. Therefore, without regard to the merits, as to which we express no opinion, we find the issue for the State, and award the claimant nothing.